# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DELBERT M. GREENE,

     Plaintiff

v.

JAMES DZURENDA and JULIE
WILLIAMS,

     Defendants

Case No.: 2:23-cv-01946-APG-NJK

**Order (1) Granting Defendants' Motion
for Summary Judgment, (2) Denying
Greene's Motions to Consolidate, for
Appointment of Counsel, and Summary
Judgment, (3) Denying as Moot
Defendants' Motion to Strike, and
(4) Granting Defendants' Motion to Seal**

[ECF Nos. 17, 18, 22, 26, 29, 30]

Pro se plaintiff Delbert M. Greene sues Nevada Department of Corrections (NDOC) officials James Dzurenda and Julie Williams for civil rights violations under 42 U.S.C. § 1983. After screening, Greene's sole claim is that the NDOC officials deprived him of property without due process in violation of the Fourteenth Amendment by taking funds from his inmate account under a restitution award, which Greene asserts was no longer valid. ECF No. 3 at 4-5. Greene moves to consolidate this case with another § 1983 case he previously brought in this court and for appointment of counsel. The defendants move for summary judgment arguing that Greene has sued the wrong parties, the defendants are entitled to qualified immunity, and Greene's claims are moot and time-barred. Greene does not respond to the qualified immunity argument but argues that the officials are liable because they ratified the improper withdrawals by not responding to Greene's grievances.

Greene moves for summary judgment, arguing that the operative judgment of conviction (JOC) was silent on restitution and, because Greene completed that sentence of incarceration, an amended JOC reinstating restitution either violates the Double Jeopardy Clause or constitutes an

ex post facto law.  Greene further argues that the defendants were responsible for overseeing the

inmate banking services and that the accounting department was negligent for failing to notice

the lack of restitution in the amended judgment and update their system.  Greene also challenges

whether the state district court had authority to issue restitution in the first place.  The defendants

move to strike Greene's motion for summary judgment because it was filed after the dispositive

motion deadline.  They also substantively oppose the motion.

I grant the defendants' motion for summary judgment because Greene has not identified

any controlling law to put them on notice that their actions were unconstitutional, so they are

entitled to qualified immunity.  Accordingly, I deny Greene's motions for summary judgment, to

consolidate, and for appointment of counsel.  I deny as moot the defendants' motion to strike and

grant their motion to seal.

**I. BACKGROUND**

A jury convicted Greene of three felonies in 2003.  ECF No. 22-4 at 2.  As part of his

sentence, the state court ordered Greene to pay $175 in fees and $996 in restitution jointly and

severally with a codefendant.  *Id.* at 2-3.  In 2004, Greene sought clarification on his sentence and

the state court amended the JOC to clarify how he would serve his prison sentences.  ECF No.

22-5 at 2-4.  This first amended JOC mentioned the restitution in the original JOC but did not say

anything about restitution in the resentencing portion.  *Id.*  In 2009, the state court once again

amended the JOC to clarify that the sentence for the third count should run consecutive to counts

"1 & 2, NOT as to Counts 2 & 3 as stated in the Amended Judgment of Conviction." ECF No.

22-6 at 2-3.  This second amended JOC did not mention restitution at all.  *Id.*

Based on the initial sentence ordering restitution, NDOC periodically withdrew funds

from Greene's inmate account even after the second amended JOC. *See* ECF No. 24 at 68.

Greene filed several grievances with prison officials complaining that he was not liable for restitution and no funds should be taken from his account. *See* ECF Nos. 22-11 at 38; 22-13 at 5, 16, 24. Associate Warden Williams was the official who signed off on NDOC's response to several of those grievances. *Id.* In June 2024, after Greene had initiated the present lawsuit, the district attorney sought leave from the state court to file a third amended JOC including the restitution, which the state court granted. ECF Nos. 22-7 at 2; 22-8 at 3-4.

## II. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017). Interpreting the terms of a contract and their legal effect are questions of law properly determined on summary judgment. *Local Motion, Inc. v. Niescher*, 105 F.3d 1278, 1280 (9th Cir. 1997).

1    In evaluating whether qualified immunity applies, I "must determine whether: (1) the

2    facts adduced constitute the violation of a constitutional right; and (2) the constitutional right was

3    clearly established at the time of the alleged violation." *Daniels Sharpsmart, Inc. v. Smith*, 889

4    F.3d 608, 617 (9th Cir. 2018) (quotation omitted).  I may answer these two questions in any

5    order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  Greene bears the burden of showing the

6    right at issue was clearly established. *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011).  "To

7    be clearly established, a right must be sufficiently clear that every reasonable official would have

8    understood that what he is doing violates that right." *Stewart v. Aranas*, 32 F.4th 1192, 1195 (9th

9    Cir. 2022) (quotation omitted).  Greene does not necessarily need to point to a case directly on

10   point, but existing caselaw "must place the lawfulness of the particular action beyond debate."

11   *Gordon v. Cnty. of Orange*, 6 F.4th 961, 969 (9th Cir. 2021) (simplified).  Furthermore, I must

12   define the right "at the appropriate level of specificity, and not at a high level of generality,"

13   before determining if it was clearly established. *Id.* at 968-69 (simplified).

14       The defendants argue both that there was no constitutional violation and that even if I

15   were to find one, no case clearly establishes that right.  I do not address the first argument

16   because Greene has not met his burden of showing that the defendants violated a clearly

17   established right.  Greene did not point to any case that places the lawfulness of the defendants'

18   actions beyond debate.  In a cursory search, I located no cases by the Supreme Court of Nevada

19   deciding whether an amended JOC that fails to mention restitution eliminates a restitution order

20   in a prior JOC.  And I can find nothing in prior cases from the Supreme Court of the United

21   States or the Ninth Circuit, or a robust consensus in federal law, that would put a reasonable

22   NDOC official on notice that taking funds under an amended JOC would violate the Due Process

23   Clause.  Thus, Greene has not shown that it was clearly established that the defendants'

4

withdrawing Greene's funds for restitution, in reliance on the initial JOC, violated his due process rights. I therefore grant summary judgment in the defendants' favor based on qualified immunity. Although I grant the defendants summary judgment on Greene's § 1983 claim, I do not reach the merits of his claim or prejudice his ability to pursue similar claims in state court, such as through the procedure the defendants identified in their motion. ECF No. 22 at 9. I deny as moot Greene's motions to consolidate and for appointment of counsel and the defendants' motion to strike.

**III.  CONCLUSION**

I THEREFORE ORDER that defendants James Dzurenda and Julie Williams' motion for summary judgment **(ECF No. 22) is GRANTED**.

I FURTHER ORDER that plaintiff Delbert M. Greene's motions to consolidate cases, for appointment of counsel, and for summary judgment **(ECF Nos. 17, 18, 29) are DENIED**.

I FURTHER ORDER that the defendants' motion to strike **(ECF No. 30) is DENIED as moot**.

I FURTHER ORDER that the defendants' motion for leave to file Exhibit A under seal **(ECF No. 26) is GRANTED.**

I FURTHER ORDER the clerk of court to enter judgment accordingly and to close this case.

DATED this 24th day of March, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

5